IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

)
DWAYNE PARKER,                      )
                                    )
    Plaintiff,                      )  Civil Action No. 22-cv-01096-LKG
                                    )
v.                                  )  Dated: July 24, 2023
                                    )
MOHAMED MOUBAREK, *et al.*,         )
                                    )
    Defendants.                     )
                                    )

## MEMORANDUM OPINION

Self-represented plaintiff Dwayne Parker, a federal prisoner currently confined at the Federal Correctional Institution in Cumberland, Maryland ("FCI Cumberland"), filed the instant suit pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), against FCI Cumberland Clinical Director Mohamed Moubarek and Certified Physician Assistant Tom Gera. ECF No. 1. He raises an Eighth Amendment claim for deliberate indifference to a serious medical need. *Id.* at 6-7.[1] Specifically, Parker alleges that Defendants deprived him of proper medical care after he suffered an injury to his left achilles tendon. *Id.* at 5-6. He seeks a declaratory judgment and one million dollars in damages. *Id.* at 7.

Defendants have moved to dismiss the Complaint, or in the alternative, for summary judgment in their favor.[2] ECF No. 9. Parker opposed the motion, ECF No. 16, and Defendants replied, ECF No. 17. Thereafter, Parker filed a Motion for Leave to File a Surreply along with a proposed surreply and a request to hold this civil action in abeyance. ECF No. 21.

The Court has reviewed the pleadings and finds a hearing unnecessary. *See* Loc. R. 105.6 (D. Md. 2021). Parker's Motion for Leave to File a Surreply shall be granted to the extent he asks this Court to consider his proposed surreply; his request to hold the matter in abeyance shall be

---

[1] Citations refer to the pagination assigned by the Court's Case Management and Electronic Case Files (CM/ECF) system.

[2] Defendants filed their dispositive motion and attached exhibits along with a Motion to Seal, ECF No. 12, which shall be granted.

denied. For the reasons that follow, Defendants' dispositive motion, construed as one for summary judgment, shall be **GRANTED**.

## Background

### A.   Parker's Allegations

Parker claims that while playing basketball at FCI Cumberland on March 23, 2021, he injured his ankle. ECF No. 1 at 5. He immediately reported to the medical department, where he was evaluated by a physician and given pain medication as well as a boot. *Id.* An x-ray of his ankle, taken on the following day, "came back with an abnormal assessment." *Id.* Parker attached an exhibit of the x-ray report finding, in part, that "[t]here is infiltration of the fat within the lower leg and ankle anterior to the achilles tendon, concerning for potential hemorrhage and inflammation." ECF No. 1-2 at 10. Otherwise, there was no acute fracture, dislocation, malalignment, or soft tissue swelling around the ankle. *Id.*

On March 26, 2021, Parker felt "extreme pain in his left ankle" and requested assistance from the medical department. ECF No. 1 at 5. Medical staff told him that he would be scheduled for an appointment, but he was not given anything for pain relief. *Id.*; *see also* ECF No. 1-2 at 12. Subsequently, Parker began requesting an MRI. ECF No. 1 at 6.

On May 28, 2021, Parker was transported to UPMC Western Maryland for an ultrasound on his left foot. *Id.*; ECF No. 1-2 at 14. At that time, the UPMC provider, Dr. Michael Arata, opined that Parker probably had an "achilles tear without retraction," which only an MRI could confirm. *Id.* Both Defendants were notified of the MRI recommendation, and Gera reiterated to Moubarek that a "MRI was needed and urgent to ascertain whether or not a tear was in his left achilles." ECF No. 1 at 6. Nonetheless, Defendants informed Parker that an MRI would not be scheduled. *Id.*

At the time of filing of the Complaint, Parker had not received the MRI, nor did medical staff provide him with additional pain medication. *Id.*

### B.   Defendant's Motion

In support of their dispositive motion, Defendants have submitted Parker's medical records from FCI Cumberland during the time in question. The records reflect that on April 1, 2021, Gera placed an "urgent" consultation request for Parker's ultrasound with a target date of April 8, 2021. ECF No. 9-3 at 2. At that time, Parker noted that the achilles "felt good as long as he wears the

supportive ortho boot provided." *Id.* Thus, Gera advised Parker to continue using the boot and to return immediately if his condition worsened. *Id.* at 3.

On April 22, 2021, Parker returned for a follow up visit with Gera, at which time he noted "improvement with . . . achilles area with increased motion but continued loss of strength with [range of motion] movement." ECF No. 9-4 at 2. Upon examination, Gera observed no swelling and limited but functional range of motion. *Id.* Gera reiterated that a request for a specialist visit had been placed, and he advised Parker to continue wearing the boot. *Id.* at 2-3. During an ophthalmologist appointment for Parker on May 19, 2021, Gera noted that Parker continued to wear the boot. ECF No. 9-5 at 2.

Following Parker's ultrasound at UPMC, he met with Gera on June 4, 2021, with complaints of continued pain in his achilles. ECF No. 9-6 at 2. Believing that he needed surgery, Parker demanded to see a surgeon. *Id.* In response, Gera requested an "urgent or emergent" MRI, with a target date of June 18, 2021. *Id.*

On June 21, 2021, Parker attended an appointment for both his eye and left achilles tendon. ECF No. 9-7 at 2. At that time, Parker informed Gera that he had elected to return to exercise and did not have pain. *Id.* Upon evaluation, Gera noted that Parker had full range of motion with no swelling, but slight muscle atrophy. *Id.* at 2. Thus, Gera discontinued the consultation requests for an orthopedist and an MRI, and instead advised Parker to continue a slow return to normal activity. *Id.* at 3-4. Gera noted that there was "[n]o need for further eval[uation] of left achilles due to no functional limitation and no observed evidence of a full tear." *Id.* at 4. The June 21, 2021 medical report was also signed by Dr. Moubarek. *Id.* at 5.

## Standard of Review

To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus*, 551 U.S. 89, 94

(2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

Defendants' motion is styled as a motion to dismiss under Fed. R. Civ. P. 12(b)(6) or, in the alternative, for summary judgment under Fed. R. Civ. P. 56. ECF No. 9. Motions styled in this manner implicate the Court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cnty.*, 788 F. Supp.2d 431, 436-37 (D. Md. 2011). Conversion of a motion to dismiss to one for summary judgment under Rule 12(d) is permissible where plaintiff has "actual notice" that the motion may be disposed of as one for summary judgment. *See Laughlin v. Metro. Wash. Airports Auth.*, 149 F.3d 253, 260-61 (4th Cir. 1998). When the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the Court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the Court "does not have an obligation to notify parties of the obvious." *Laughlin*, 149 F.3d at 261.

Here, Parker was on notice that the Court could treat Defendants' motion as one for summary judgment and rule on that basis. Thus, the Court will review Parker's claims under the Rule 56(a) standard and will consider the exhibits filed in support of the dispositive motion.

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Henry v. Purnell*, 652 F.3d 524, 548 (4th Cir. 2011)). Accordingly, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). A court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007); *see also Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 568-69 (4th Cir. 2015). At the same time, the Court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens*

*Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993))

## Discussion

Parker brings this suit pursuant to *Bivens*, a judicially created remedy designed to vindicate violations of constitutional rights committed by federal actors in their individual capacity. 403 U.S. at 395-97. To state a *Bivens* claim, a plaintiff must allege that "a federal agent acting under color of his [federal] authority" violated his constitutional rights. *Bivens*, 403 U.S. at 389. Here, Parker asserts that Defendants violated his Eighth Amendment rights when they deprived him of proper medical care for his Achilles injury. ECF No. 1.

Defendants have filed a dispositive motion arguing that this action cannot proceed for lack of a *Bivens* remedy, particularly in the wake of *Egbert v. Boule*, __ U.S. __, 142 S. Ct. 1793 (2022) and *Tate v. Harmon*, 54 F.4th 839 (4th Cir. 2022). ECF No. 9-1 at 1-2. Alternatively, Defendants assert that Parker's claims are barred by both the doctrine of qualified immunity and statutory immunity, and that Parker has not established deliberate indifference to a serious medical need. *Id.* at 2, 21. Assuming, without deciding, that *Bivens* can be extended to the claims presented by Parker,[3] Defendants are entitled to summary judgment because Parker has not shown deliberate indifference on their part.

The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). To state an Eighth Amendment claim for denial of medical care, Plaintiff must demonstrate that Defendants' acts or omissions amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure it was

---

[3] The Supreme Court has repeatedly emphasized that any expansion of "the *Bivens* remedy" beyond the parameters of *Bivens*, *Davis v. Passman*, 442 U.S. 228 (1979), and *Carlson v. Green*, 446 U.S. 14 (1980), is "a 'disfavored' judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)); *accord Egbert*, 142 S. Ct. at 1803; *Hernández v. Mesa*, 140 S. Ct. 735, 743 (2020). A court presented with a proposed *Bivens* claim is required to (1) determine if the claim arises in a "new context"; and (2) if it does, to conduct "a special factors analysis" before "allowing [the claim] to proceed." *Abbasi*, 137 S. Ct. at 1855, 1857-60, 1864-65. More recently, in *Egbert*, 142 S. Ct. at 1803, the Court stated that the two-part test "often resolve[s] to a single question: Whether there is any reason to think that Congress might be better equipped to create a damages remedy."

available. *See Farmer v. Brennan*, 511 U.S. 825, 834-37 (1994); *see also Heyer v. United States Bureau of Prisons*, 849 F.3d 202, 209-10 (4th Cir. 2017); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016); *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). Objectively, the medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care); *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014). "A 'serious medical need' is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Heyer*, 849 F.3d at 210 (quoting *Iko*, 535 F.3d at 241); *see also Scinto v. Stansberry*, 841 F.3d 219, 228 (4th Cir. 2016) (failure to provide diabetic inmate with insulin where physician acknowledged it was required is evidence of objectively serious medical need).

After a serious medical need is established, a successful claim requires proof that the defendant was subjectively reckless in treating or failing to treat the serious medical condition. *See Farmer*, 511 U.S. at 842. "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995) (quoting *Farmer*, 511 U.S. at 844). The subjective knowledge requirement can be met through direct evidence of actual knowledge or through circumstantial evidence tending to establish such knowledge, including evidence "that a prison official knew of a substantial risk from the very fact that the risk was obvious." *Scinto*, 841 F.3d at 226 (quoting *Farmer*, 511 U.S. at 842).

"Deliberate indifference is a very high standard – a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999); *see also Jackson*, 775 F.3d at 178 ("[M]any acts or omissions that would constitute medical malpractice will not rise to the level of deliberate indifference."). "[T]he Constitution is designed to deal with deprivations of rights, not errors in judgment, even though such errors may have unfortunate consequences." *Grayson*, 195 F.3d at 695-96; *see also Jackson*, 775 F.3d at 178 (describing the applicable standard as "exacting"). A mere disagreement between an inmate and a physician over the appropriate level of care does not establish an Eighth Amendment violation absent exceptional circumstances. *Scinto*, 841 F.3d at 225. Rather, a prisoner-plaintiff must show that the medical provider failed to make a sincere and reasonable effort to care for the inmate's medical problems. *See Startz v.*

*Cullen*, 468 F.2d 560, 561 (2d Cir. 1972); *Smith v. Mathis*, PJM-08-3302, 2012 WL 253438, at *4 (D. Md. Jan. 26, 2012), *aff'd*, 475 F. App'x 860 (4th Cir. 2012). Further, the inmate's right to treatment is "limited to that which may be provided upon a reasonable cost and time basis and the essential test is one of medical necessity and not simply that which may be considered merely desirable." *United States v. Clawson*, 650 F.3d 530, 538 (4th Cir. 2011) (citing *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977)). Additionally, where the seriousness of the injury is not apparent, a delay in treatment does not violate the Eighth Amendment. *Brown v. Comm'r of Cecil Cty. Jail*, 501 F. Supp. 1124, 1126 (D. Md. 1980) (delay "does not violate the Eighth Amendment where the seriousness of the injury is not apparent").

Here, even if Parker has shown that, objectively, he was suffering from a serious medical need, he fails to satisfy the subjective prong as he has not shown that Defendants failed to provide the necessary care. Immediately after he suffered the injury to his left achilles, FCI Cumberland medical staff gave him pain medication and a support boot, and scheduled an x-ray. After the x-ray came back with abnormal findings, Gera placed an urgent consultation request for an ultrasound and continued follow up appointments. Then, after receiving results from the ultrasound and upon Parker's report of pain, Gera requested an urgent MRI. However, before the MRI could take place, Parker informed Gera that he no longer had pain and that he started to exercise. After finding that Parker had full range of motion, Gera discontinued the consultation requests for an orthopedist and an MRI, and instead advised Parker to continue a slow return to normal activity. Dr. Moubarek agreed with this treatment plan.

On this record, Parker has not shown deliberate indifference on the part of either Defendant. From Parker's medical records, it appears that Gera continued to monitor Parker's achilles injury and made necessary referrals until it was apparent that no further treatment was necessary outside of FCI Cumberland. Therefore, Defendants are entitled to summary judgment on Parker's claims.[4]

## Conclusion

Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, construed as a motion for summary judgment, is granted. Defendants' Motion to Seal is granted, and Parker's Motion for Leave to File a Surreply is granted only to the extent he asks this Court to consider the proposed surreply. Parker's request to hold this case in abeyance is denied.

---

[4] In light of this ruling, the Court need not address Defendants' remaining arguments.

A separate Order follows.

July 24, 2023
Date

*/s/ Lydia Kay Griggsby*
LYDIA KAY GRIGGSBY
United States District Judge